1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   ANTHONY E. MYERS, | Case No.   1:20-cv-01002-JDP |
| 12                  Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR |
| 13       v. | FAILURE TO MEET CUSTODY REQUIREMENT, EXHAUST CLAIMS, AND |
| 14   FPD, *et al.*, | STATE COGNIZABLE CLAIMS |
| 15                  Respondent. | RESPONSE DUE IN THIRTY DAYS |
| 16 | ECF No. 1 |

17
18         Petitioner Anthony E. Myers, a former county jail inmate proceeding without counsel,

19   seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  The petition is before us

20   for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4,

21   the judge assigned to the habeas proceeding must examine the habeas petition and order a

22   response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See*

23   *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124,

24   1127 (9th Cir. 1998).  The petition appears deficient; petitioner has failed to show that he meets

25   the "in custody" requirement, that he has exhausted his claims, and that his claims are cognizable

26   on habeas review.  Therefore, we will order petitioner to show cause why his petition should not

27   be dismissed.

28

**Discussion**

Under § 2254(a), a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States Only persons."  Because custody is a statutory jurisdictional prerequisite, we may only consider a habeas petition if the petitioner was in custody at the time of filing of the petition.  *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam); *Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010).  "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty."  *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973).  "[T]o satisfy the custody requirement, [the] petitioner must demonstrate that he is subject to a significant restraint upon his liberty 'not shared by the public generally.'"  *Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993) (per curiam) (quoting *Jones v Cunningham*, 371 U.S. 236, 240 (1963)).

Petitioner filed the instant petition on July 15, 2020.[1]  ECF No. 1.  Petitioner challenges his August 11, 2019 arrest for resisting an executive officer.  *See People v. Myers*, No. F19905355 (Fresno Sup. Ct. June 18, 2020).  The charge was dismissed on June 18, 2020.  *Id.*  Although petitioner states that he "is currently held falsely in the Fresno County Jail," ECF No. 1 at 6, a search of the local and state inmate locators leads us to believe that petitioner is no longer incarcerated and was released from custody on or shortly after June 18, 2020, nearly a month before he filed the instant petition.[2]  Therefore, it appears that petitioner was not in custody when

---

[1] Although petitioner states that the petition was executed on February 13, 2020, we have no indication that petitioner mailed the petition to our court on that date.  ECF No. 1 at 6.  The petition was submitted on a California state habeas form.  It is possible that petitioner has submitted a copy of the state habeas petition he filed in the Fresno County Superior Court on February 20, 2020.  *See Anthony E Myers v. FPD, et al.*, 20CRWR685355 (Fresno Sup. Ct. Apr. 17, 2020).

[2] We have reviewed the California Department of Corrections and Rehabilitation and the Fresno County Sheriff inmate locators and take judicial notice of them per Rule 201 of the Federal Rules of Evidence.  *See* California Department of Corrections and Rehabilitation Inmate Locator, https://inmatelocator.cdcr.ca.gov/ (search "Search for Inmate" for "Antony Myers"); Fresno County Sheriff Inmate Locator, https://www.fresnosheriff.org/units/records/inmate-search.html (Search for "Antony Myers").  Neither inmate locator lists petitioner.  Additionally, we take judicial notice of petitioner's mailing address submitted to this court, which appears to be a

he filed the petition, and we have no indication that he was subject to a significant restraint on his liberty at the time of filing.[3]

Moreover, the petition is also subject to dismissal based on petitioner's failure to exhaust his claims in the state courts.  The exhaustion doctrine, which requires a petitioner in state custody proceeding with a federal petition for a writ of habeas corpus to exhaust state judicial remedies, is based on comity and gives the state courts the initial opportunity to correct the alleged constitutional deprivations.  *See* 28 U.S.C. § 2254(b)(1); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995).  Although petitioner unsuccessfully sought habeas relief in the state superior court, we have no indication that he has sought relief before the California Court of Appeal or California Supreme Court.[4]

Finally, the petition is subject to dismissal for failure to state a cognizable habeas claim. Petitioner claims that he has suffered unlawful arrest, assault and the use of excessive force by police officers, and a violation of his right to a speedy trial.  ECF No. 1 at 3.  Under § 2254, a writ of habeas corpus is available to state prisoners challenging the fact or duration of their confinement.  *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994).  If a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," the court lacks jurisdiction under this provision.  *See Nettles v. Grounds*, 830 F.3d 922, 935-37 (9th Cir. 2016).  Therefore, petitioner's claims fall outside the "core of habeas" and are not cognizable here.[5]  *Id.* at 927.

---

residential address.

[3] Petitioner's statement that he is incarcerated is dated February 13, 2020.  ECF No. 1 at 6. However, his federal habeas petition appears not to have been filed until July 2020.

[4] Petitioner has also submitted proof of a formal grievance he submitted to his jail.  ECF No. 1 at 25.  This grievance does not constitute an exhaustion of petitioner's claims.  Exhaustion requires that petitioner present his claims to the appropriate state courts.  *See O'Sullivan*, 526 U.S. at 845.

[5] Petitioner may wish to seek relief under state and federal civil rights laws.  *See, e.g.*, 42 U.S.C. § 1983.  To state a claim § 1983 claim, courts require plaintiffs to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or

**Order**

Within thirty days of the date of service of this order, petitioner is ordered to show cause why his petition should not be dismissed.

IT IS SO ORDERED.

Dated:   July 28, 2020

UNITED STATES MAGISTRATE JUDGE

No. 206.

federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).