UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. MYERS,<br><br>    Petitioner,<br><br>    v.<br><br>FPD, SERT, AND FRESNO SHERIFF,<br><br>    Respondents. | Case No.   1:20-cv-01002-HBK<br><br>FINDINGS AND RECOMMENDATIONS THAT CASE BE DISSMISSED WITHOUT PREJUDICE[1]<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS<br><br>(Doc. No. 1)<br><br>ORDER DIRECTING CLERK TO ASSIGN CASE TO DISTRICT JUDGE |

    I.    FACTS AND BACKGROUND

    Petitioner Anthony E. Myers, a former county jail inmate proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254 raising claims of unlawful arrest, assault and use of excessive force, and violation of his speedy trial right. (Doc. No. 1). The petition was filed on July 15, 2020 and transferred by the Sacramento Division of this court. (Doc. No. 3). On July 29, 2020, the former magistrate judge ordered petitioner to show cause within thirty (30) days why the petition should not be dismissed on the basis petitioner failed to meet the "in custody" requirement for habeas relief,  petitioner's claims were unexhausted, and

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2019).

the claims were not cognizable on habeas review.[2] (Doc. No. 6). Petitioner did not, and has not, responded to the order to show cause. Further, on August 28, 2020, mail from the court delivered to petitioner at his only address of record was returned as undeliverable. *See* docket. Petitioner's address change was due by October 30, 2020. As of the date of this Findings and Recommendation, petitioner has not filed a notice of change of address nor contacted the court.

## II. APPLICABLE LAW

This court's Local Rules require litigants to keep the court appraised of their current address, specifically providing:

> "[a] party appearing *in propria persona s*hall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

Local Rule 183(b) (E.D. Ca. 2019). Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of the court.

Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889 (noting that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and

---

[2] It appears petitioner's claims nonetheless are moot. Petitioner was arrested on August 11, 2019 and charged with resisting an executive officer. *See People v. Myers*, No. F19905355 (Fresno Sup. Ct. June 18, 2020). On June 18, 2020, petitioner's case was dismissed, and he was released from custody. *See* https://publicportal.fresno.courts.ca.gov/FRESNOPORTAL/Home/Dashboard/29. This release date precedes the date petitioner filed the habeas petition.

1 independently reviewing the record because district court did not make finding as to each); *but*
2 *see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but
3 noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*,
4 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff
5 did not amend caption to remove "et al" as the court directed and reiterating that an explicit
6 finding of each factor is not required by the district court).

   III.   ANALYSIS

The undersigned considers the above-stated factors and concludes the majority of the above factors favor dismissal in this case. The expeditious resolution of litigation is deemed to be in the public interest. *Yourish v. California Amplifier*, 191 F.2d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the court's need to efficiently manage its docket cannot be overstated. This court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a respondent. *See Sibron v. New York*, 392 U.S. 40, 57 (1968). Finally, less drastic remedies in lieu of dismissal, such as, directing petitioner to submit an updated address, or an order to show cause why the case should not be dismissed for failure to comply with Local Rules would be an act of futility because the order would be returned without delivery. Additionally,

the instant dismissal is a dismissal *withou*t prejudice, which is a lesser sanction than a dismissal with prejudice.

Petitioner did not respond to the court's order to show cause (Doc. No. 6) and now correspondence from the court has been returned as undeliverable. Contrary to Local Rule 183(b), more than 63 days have passed since mail was returned as undeliverable and petitioner has not updated his mailing address or otherwise contacted the court. After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rules 110 and 183(b).

Accordingly, it is ORDERED:

The Clerk of Court is directed to assign a district judge to this case.

It is further RECOMMENDED:

1. This case be dismissed without prejudice.

2. The Clerk of Court be directed to terminate any pending motions/deadlines and close this case.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    March 8, 2021

*[signature]*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE