UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. MYERS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br><br>FPD, SERT, AND FRESNO SHERIFF,<br><br>　　　　Respondents. | Case No. 1:20-cv-01002-NONE-HBK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING THE CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE AND CLOSE CASE<br><br>(Doc. Nos. 1, 9) |

Petitioner Anthony E. Myers is a former county jail inmate proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 9, 2021, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be dismissed. (Doc. No. 9.) The findings and recommendations were served on petitioner at his address of record and contained notice that any objections thereto were to be filed within thirty (30) days of service. (*Id*. at 4.) On March 29, 2021, the order was returned to the court by the U.S. Postal Service as undeliverable. Petitioner had until June 7, 2021 to update his address of record with the court. *See* Local Rule 183(b). To date,

petitioner has not filed a change of address with this court as required nor has he communicated with the court in any way.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Having determined that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. The federal rules governing habeas cases brought by state prisoners require a district court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal, rather an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see also* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a certificate of appealability). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, *id.* § 2253(c)(3). In the present case, the court finds that reasonable jurists would not find the court's rejection of petitioner's claims to be debatable or conclude that the petition should proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on March 9, 2021, (Doc. No. 9), are adopted in full;

2. The petition for writ of habeas corpus, (Doc. No. 1), is dismissed;

3. The court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and then to close this case.

IT IS SO ORDERED.

Dated: __**July 19, 2021**__          _____
UNITED STATES DISTRICT JUDGE

2